IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DONALD R. WARTH,

       Plaintiff,

V.                                                  CIVIL ACTION NO. 3:08-0170

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM ORDER

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff

seeks review of the final decision of the Commissioner of Social Security denying his applications

for disability insurance benefits and supplemental security income based on disability beyond. The

case is presently pending before the Court on cross-motions of the parties for judgment on the

pleadings.

Plaintiff protectively filed his applications on May 6, 2004, alleging disability commencing

May 5, 2004, as a result of heart disease, acid reflux, emphysema and learning disability. On appeal

from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not

disabled in a decision which became the final decision of the Commissioner when the Appeals

Council denied a request for review. Thereafter, plaintiff filed a civil action seeking review of the

Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-five years of age and had attended special education classes and completed the 11th grade. His past relevant employment experience consisted of work as a kitchen/restaurant worker and laborer. In his decision, the administrative law judge found that plaintiff suffered from discogenic back disorder and borderline intellectual functioning, impairments he considered severe. He also found that plaintiff suffered from GERD and cardiovascular disease; however, he concluded that these impairments were not severe. Though concluding that plaintiff was unable to perform his past relevant work,[1] the administrative law judge determined that he had the residual functional capacity for a full range of light level work. On the basis of this finding, and relying on Rule 202.17 of the Medical Vocational Guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff asserts that the administrative law judge failed to arrive at an appropriate residual functional capacity. Specifically, plaintiff states that the administrative law judge's residual functional capacity in the decision is inconsistent with both the limitations provided in his findings and the residual functional capacity provided to the vocational expert. To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all relevant evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989).

The administrative law judge found plaintiff to have borderline intellectual functioning, a severe impairment. Plaintiff argues that the administrative law judge erred by not including

---

[1]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

limitations in his residual functional capacity based on this impairment, and that, while the administrative law judge noted in his decision that plaintiff was moderately limited in his ability to concentrate, he failed to inform the vocational expert of this limitation.  Plaintiff conceded that the administrative law judge did reference the limitations imposed by Dr. Kampsnider when questioning the vocational expert, and therefore it is clear that the vocational expert was aware of plaintiff's mental limitations.  Based upon these restrictions, plaintiff was limited to unskilled work; which he clearly was capable of performing, given his employment experience in unskilled labor.  As plaintiff correctly notes, the administrative law judge did not include his own finding of moderately limited ability to concentrate in the residual functional capacity provided to the vocational expert.  This finding was part of his analysis of the "B" criteria in determining whether plaintiff's mental impairment equaled a listed impairment under section 12.02, and he simply stated that plaintiff "could have some limitation in concentration due to a degree of pain" from his back.  Thus it seems apparent that the administrative law judge was merely giving plaintiff the benefit of the doubt with regard to this allegation, even though is was not supported by the medical evidence.[3]  From an evaluation of the entire record, it is apparent that the administrative law judge informed the vocational expert of all of plaintiff's impairments that were supported by the record.

Plaintiff also contends that the administrative law judge should have given more weight to the opinions of his treating physicians, Dr. Morgan and Dr. Serfontein, than to the opinion of the state agency physician, Dr. Holley.  An administrative law judge is to consider the following when evaluating medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the

---

[3] Dr. Kampsnider found plaintiff's concentration to be within normal limits.

physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician

is a specialist."[4]  The regulations provide that greater weight is to be given to the opinion of a

treating source as it is more likely to be helpful in providing a "detailed, longitudinal picture" of the

impairments.[5]  However, to be given controlling weight, the treating source's opinion must be "well-

supported by medically acceptable clinical and laboratory diagnostic techniques and ... not

inconsistent with the other substantial evidence" in the record.[6]  The regulations make clear that

"special significance" will not be given "to the source of an opinion on issues reserved to the

Commissioner,"[7] and that "[t]he responsibility for deciding ... residual functional capacity rests with

the administrative law judge or Appeals Council."[8]  Additionally, the regulations contemplate that

the Commissioner will "give good reasons" in his decision "for the weight given a treating source's

opinion."[9]  It is, as a consequence, the Commissioner's responsibility to make the final decision

regarding the plaintiff's abilities, and he may reject a medical opinion so long as he gives reasons

therefor, and those reasons are supported by the evidence.

The administrative law judge explicitly stated his reasons for not according great weight to

the opinions of Dr. Morgan and Dr. Serfontein, both of whom limited plaintiff to less than a

---

[4] Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

[5] 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

[6] 20 C.F.R. § 404.1527(d)(2); See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); See also Ward v. Chater, 924 F.Supp. 53, 55 (W.D. Va. 1996).

[7] 20 C.F.R. §§ 404.1527(e)(3) 416.927(e)(3).

[8] Id. §§ 404.1546(c) and 416.946(c).

[9] Id. §§ 404.1527(d)(2) and 416.927(d)(2).

sedentary level of exertion. The administrative law judge found that there was no objective evidence to support this degree of limitation, and that their opinions were highly inconsistent with plaintiff's modest treatment regimen and mild clinical signs. The Court agrees that the evidence does not support the limitations imposed by these physicians. This level of restriction is inconsistent with the objective medical evidence, which has repeatedly shown plaintiff's functioning to be within normal limits.[10] The most significant finding through objective testing has been a moderate degree of COPD. This conclusion, coupled with mild back problems and a mild heart condition, led plaintiff's treating physicians to conclude that he was limited to less than sedentary work; however, the administrative law judge chose to assign greater weight to the opinion of Dr. Holley, who, after evaluating the medical evidence, limited plaintiff to light work. This was clearly reasonable since Dr. Holley's assessment was more consistent with the limited objective findings, and was therefore supported by substantial evidence.

Plaintiff also asserts that the administrative law judge made a faulty pain and credibility assessment. The regulations describe a two-step process for evaluating symptoms.[11] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[12] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to

---

[10] Plaintiff has undergone numerous tests for his heart and pulmonary conditions, including: multiple chest x-rays, EKGs, and stress tests.

[11] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[12] Id.

which they limit the individual's ability to do basic work activities.[13]   The latter step requires

consideration of both the objective medical evidence and subjective evidence of a claimant's pain

or other symptoms, and, while objective medical evidence may be "crucial" in this analysis, Craig

v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack

objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that the administrative law judge found that

plaintiff's credibility as a witness was only fair.  The administrative law judge made this credibility

determination after having the opportunity to observe the plaintiff during his testimony and after

considering the relevant factors listed in SSR 96-7p.[14]   In considering these factors, the

administrative law judge noted that plaintiff is able to take care of his children, cook, do household

chores, build model cars, and use a push mower and weedeater.  The administrative law judge noted

that plaintiff had chest pain and back pain that was exacerbated by activity, he was prescribed

nitroglycerin spray, and would sit down for a period of time in order to recover from the pain and

fatigue.   In addition to the significant range of daily activities, the administrative law judge also

noted that the great majority of objective testing performed on plaintiff came back normal, he

continued to smoke cigarettes even though he had been instructed on multiple occasions to cease,

and that his condition was stable with medication.  Based on the foregoing, it is clear that appropriate

---

[13] Id.

[14] See also 20 C.F.R. §§ 404.1529 and 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions, and the assessment of plaintiff's credibility are supported by substantial evidence.  Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:    November 12, 2009

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE